IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLAVON MARTIN**,<br><br>　　Plaintiff,<br><br>　　*v.*<br><br>**BRYAN BUONO, et al.**,<br><br>　　Defendants. | **CIVIL ACTION**<br><br><br>**NO. 20-3715-KSM** |

## ORDER

**AND NOW**, this 15th day of April, 2021, upon consideration of Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. No. 18), Defendants' opposition (Doc. No. 19), Plaintiff's April 14, 2021 Letter, and Defendants' April 15, 2021 opposition thereto, it is **ORDERED** that Plaintiff's Motion is **GRANTED**. It is **FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 20) is **DENIED as moot** and Defendants may refile by the deadline listed below.

Further, it is **ORDERED** that the the Scheduling Order deadlines are as follows:

1.　All motions to amend the complaint and to join or add additional parties shall be filed no later than **September 16, 2020**.[1]

2.　All fact discovery shall be completed no later than **July 13, 2021**.

3.　Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report or answer to expert interrogatory no later than **June 8, 2021**. If the evidence is intended solely to contradict

---

[1] Nothing in this Order alters or reopens the expired deadline to amend pleadings listed in the Court's prior Scheduling Orders.

or rebut evidence on the same subject matter identified by another party, counsel shall serve the information on counsel for every other party no later than **June 29, 2021**. Expert depositions, if any, shall be concluded no later than **July 13, 2021**.

4. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages set forth in the preceding paragraph, serve opposing parties with concise details and/or documents covering the lay opinions of the Rule 701 witnesses, including the identity of each witness offering the expert opinion, the substance and the basis for each opinion.

5. Motions for summary judgment shall be filed no later than **July 30, 2021**. Responses shall be filed no later than **August 13, 2021**. Motions for summary judgment and responses shall meet the following guidelines:

(a) The movant shall file a Statement of Undisputed Facts which sets forth, in numbered paragraphs, each material fact which the movant contends is undisputed;

(b) The respondent shall file a separate Statement of Disputed Facts, responding to each numbered paragraph set forth in the Statement of Undisputed Facts, which the respondent contends presents a genuine disputed issue. The respondent shall also set forth, in separate numbered paragraphs, each additional fact which the respondent contends precludes summary judgment;

(c) All material facts set forth in the Statement of Undisputed Facts served by the movant shall be deemed undisputed unless specifically controverted by the opposing party;

(d) Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of the record

which support each statement.  Each stated fact shall cite the source relied upon, including the title, page and line of the document supporting each statement. Parties are encouraged to refer to prior paragraphs rather than repeat the allegations contained therein.

6. *Daubert* motions, if any, shall be filed no later than **July 30, 2021**.  Responses shall be filed no later than **August 13, 2021**.  *Daubert* challenges will be waived unless a timely motion under this paragraph is filed.

7. No later than **August 20, 2021**, counsel for each party shall serve upon counsel for every other party a copy of each exhibit the party expects to offer at trial.

8. No later than **August 27, 2021**, the parties shall file objections, if any, to designations of deposition testimony which shall set forth the page and line numbers of the challenged testimony and a clear statement for the basis of the objection.  The objecting party shall deliver to chambers a copy of the deposition transcript with the challenged testimony highlighted. Any objection not made in conformity with this Order will be deemed waived.

9. All motions *in limine* shall be filed no later than **September 3, 2021**.  Responses, if any, shall be filed no later than **September 13, 2021**.  Any brief or memorandum filed in support of or in opposition to a motion *in limine* must be limited to five (5) pages of double-spaced 12-point font. Absent leave of court, a party shall not file more than five (5) motions *in limine.*

10. No later than **September 21, 2021**, each party shall file with the Clerk of Court a pretrial memorandum.  The pretrial memoranda shall include the following:

   (a) All stipulations of counsel;

   (b) A statement of objection to: (i) the admissibility of any exhibit based on authenticity; (ii) the admissibility of any evidence expected to be offered for any reason (except objections to relevancy); (iii) the adequacy of the qualifications of an expert witness expected to

testify and (iv) the admissibility of any opinion testimony from lay witnesses pursuant to Fed. R. Evid. 701. Such objection shall describe with particularity the ground and the authority for the objection.

        (c)      Deposition testimony (including videotaped deposition testimony) that the party intends to offer during its case-in-chief. The statement should include citations to the page and line number and the opposing party's counter-designations.

        (d)      Counsel must prepare one unified and agreed upon set of proposed jury instructions on substantive issues and one proposed verdict form or set of special interrogatories to the jury. If counsel cannot agree on a particular instruction, they must submit their competing versions along with a statement explaining why the Court should give their proposed instruction. Proposed jury instructions must be tailored and personalized for the case and should include accurate quotes from, and citations to, cases and pattern jury instructions where appropriate. If pattern instructions are to be given, those instructions should be taken from the Third Circuit Model Jury Instructions wherever possible. United States Supreme Court or Third Circuit Court of Appeals cases should be cited wherever applicable. In addition to filing the proposed jury instructions and verdict form on the Court's docket, the parties must e-mail the documents in Word format to Chambers_Judge_Marston@paed.uscourts.gov.

    11.      A final pretrial conference will be held on **October 5, 2021 at 10:00 a.m., in Chambers**. Counsel shall be prepared to address any pending motions *in limine*, and objections to witnesses and exhibits. It is expected that counsel attempted to resolve all objections to exhibits and testimony prior to the final pretrial conference, leaving for the Court only those objections the parties could not resolve. Counsel are also expected to have discussed with their respective clients prior to the conference the issues to be addressed at any conference with the Court and to come to

the conference with all necessary authority. Trial counsel must attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

12. At the final pretrial conference, the parties shall provide the Court with a copy of each exhibit and two copies of a schedule of exhibits which shall describe each exhibit. Exhibits shall be arranged and tabbed in a three-ring binder.

13. No later than **October 14, 2021**, counsel shall submit a trial brief on the legal issues to be resolved at trial.

14. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court.

15. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

16. This case will be listed for trial on **October 21, 2021 at 10:00 a.m., in Courtroom TBD**. Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial.

**IT IS SO ORDERED.**

/s/KAREN SPENCER MARSTON
_____
KAREN SPENCER MARSTON, J.